NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AGUS INDA LU,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>MATTHEW G. WHITAKER, Acting<br>Attorney General,<br><br>　　　　　　　Respondent. | No.　14-70711<br><br>Agency No. A088-121-759<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 15, 2019[**]

Before:　　TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

Agus Inda Lu, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). We have jurisdiction under

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

The record does not compel the conclusion that Lu established changed or extraordinary circumstances to excuse his untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(4). Thus, Lu's asylum claim fails.

Substantial evidence supports the agency's determination that the harm Lu suffered in Indonesia did not rise to the level of persecution. *See Wakkary*, 558 F.3d at 1059-60 (petitioner failed to establish past persecution where he was beaten and robbed on two occasions and accosted by a mob); *see also Halim v. Holder*, 590 F.3d 971, 975-76 (9th Cir. 2009) (petitioner who was harassed, denied medical care, arrested and detained, and beaten by a mob did not establish past persecution). Substantial evidence also supports the agency's determination that even under a disfavored group analysis, Lu failed to show sufficient individualized risk of persecution to establish a well-founded fear. *See Halim*, 590 F.3d at 977-79. Thus, Lu's withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of CAT relief because Lu failed to show it is more likely than not he would be tortured by or with

14-70711

the consent or acquiescence of the government of Indonesia.  *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**